# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BILLY D. MCKINNIE,

    Petitioner,

    v.                                                    Case No. 06-C-0922

ROBERT HUMPHREYS, Warden Racine
Correctional Institution,

    Respondent.

## **DECISION AND ORDER**

On August 29, 2006, petitioner Billie D. McKinnie filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his April 9, 1996, judgment of conviction for armed robbery, armed robbery, party to a crime, first-degree recklessly endangering safety and theft. The petitioner challenges his judgment of conviction on the following grounds: (1) his plea was not made with an understanding of the consequences of the plea; (2) ineffective assistance of counsel; and (3) ineffective assistance of appellate counsel.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Proceedings for the United States District Courts. By order filed October 10, 2006, this court determined that the case should proceed and ordered the respondent to file an answer, motion or other response to the petition for a writ of habeas corpus. On November 10, 2006, the respondent filed a motion to dismiss the petition as untimely. (Docket #14). The motion to dismiss is fully briefed and will be addressed herein.

The respondent moves the court for an order dismissing the petition for a writ of habeas corpus on the ground that it was not filed within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). The respondent maintains that the petitioner did not file anything that would have tolled the filing period under 28 U.S.C. § 2244(d)(2) and that none of the other subsections of § 2244(d)(1) would provide a later date from which to calculate the start of his filing period. The respondent also asserts that neither equitable tolling nor equitable estoppel excuse the petitioner's late filing.

In response, the petitioner maintains that he timely filed his petition for a writ of habeas corpus. The petitioner asserts that 28 U.S.C. § 2244(d)(2) tolls the time for filing the petition while a properly filed application for collateral review is pending. The petitioner also asserts that extraordinary circumstances, namely his transfer to an out-of-state prison, prevented him from timely filing his petition. Thus, the petitioner asserts that the statute of limitations period should be equitably tolled.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) provides for a one-year statute of limitations for an application for a writ of habeas corpus. In an ordinary case, the one-year statute of limitations runs from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see also, Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005).

Section 2244(d)(2) provides for the tolling of the statute of limitations for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." In addition, the time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review also is not counted because a decision does not become final until the time for petitioning for certiorari has passed. Jones v. Hulick, 449 F.3d 784, 787 (7th Cir. 2006); Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002).

In Anderson, 281 F.3d at 674-75, the court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at 674. The court held that because the plain words of the statute include the

period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the 90-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(a)(A) for purposes of calculating when the statute of limitations begins to run. Id. at 674-75.

In this case, the petitioner did not file a petition for review with the Wisconsin Supreme Court. Thus, the statute of limitations began to run on June 6, 1997, 30 days after the Wisconsin Court of Appeals' decision. Thus, the petitioner had until one year later, June 6 1998, to file his petition unless the time for filing is tolled. The petition for a writ of habeas corpus was not filed in this court until August 29, 2006, and, therefore, it is untimely.

The court notes that in certain circumstances, however, the petitioner may demonstrate a basis for tolling the statute of limitations for filing a petition for a writ of habeas corpus. Section 2244(d)(2) provides for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." 28 U.S.C. § 2244(d)(2).

In June 2003, the petitioner filed a Wis. Stat. § 974.06 motion in Milwaukee County Circuit Court and in November 2004, the petitioner filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals pursuant to State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). Although it is unclear from the petitioner's submission, apparently the petitioner asserts that because his Wis. Stat. § 974.06 motion and Knight petition were "properly filed" in state court, they toll the statute of limitations. However, neither the petitioner's § 974.06 motion nor his Knight petition tolled the time period for filing a petition for a writ of habeas corpus in federal court because both were filed after the statute of limitations expired. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005).

- 4 -

The petitioner also asserts that he is entitled to equitable tolling of the statute of limitations. The AEDPA's one-year period of limitations is not jurisdictional and, therefore, is arguably subject to equitable tolling. Taliani v. Chrans, 189 F.3d 597, 597-98 (7th Cir. 1999). "Equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time." Jones, 449 F.3d at 789. Thus, "equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Araujo, 435 F.3d at 680 (quoting Gildon v. Bowen, 384 F.3d 883, 887 [7th Cir. 2004]). Equitable tolling, however, is "rarely granted." Jones, 449 F.3d at 789.

Assuming that the doctrine of equitable tolling is available under the AEDPA, the petitioner in the instant case fails to meet the criteria for the equitable tolling of the one-year statute of limitations. The petitioner asserts that he was transferred to an out-of-state prison with inadequate access to legal material. Based on the petitioner's statements, he returned to Wisconsin in February 2003. He provides no explanation as to why he waited until June 2003 to file his Wis. Stat. § 974.06 motion or why he waited more than a year after that motion was denied to file his Knight petition in November 2004. Thus, the petitioner has failed to demonstrate that he diligently had been pursuing his rights. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Moreover, the petitioner has not shown that some "extraordinary circumstances stood in his way." Id. The petitioner has not cited to anything that prevented him from filing his petition for a writ of habeas corpus. Although he maintains that his transfer to an out-of-state prison prevented him from "arguing" his criminal conviction (presumably because the prison lacked Wisconsin case law), he could have filed a protective habeas corpus petition.

- 5 -

See Powell v. Davis, 415 F.3d 722, 728 (7th Cir. 2005). It is not an "extraordinary circumstance to be either imprisoned out-of-state or ignorant of the law. As the court stated in Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001), in the context of equitable tolling, "habeas relief, by definition, is almost always sought by an incarcerated petitioner and we decline to find that this circumstance is so extraordinary as to warrant the application of this rarely-applied [equitable tolling] doctrine."

In sum, the petitioner's petition for a writ of habeas corpus is untimely and the petitioner has not established a basis for the application of the doctrine of equitable tolling in this case. Accordingly, the petitioner's petition for a writ of habeas corpus will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for a writ of habeas corpus as untimely be and hereby is **granted**. (Docket #14).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge